IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARLTON SOLTON, JR.,**

       **Petitioner,**

  v.              **CASE NO. 20-3049-SAC**

**ROGER SOLDAN,**

       **Respondent.**

### NOTICE AND ORDER TO SHOW CAUSE

The case comes before the Court on Petitioner Carlton Solton, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee. The Court has conducted an initial review of the petition and enters the following order.

### Background

Mr. Solton challenges convictions in October of 2019 in Saline County for criminal threat, domestic battery, and criminal possession of a weapon by a convicted felon. It appears Petitioner filed an appeal testing the legality of his arrest in the Kansas Supreme Court pursuant to K.S.A. 22-2710, but that action remains pending. Moreover, Petitioner has not completed direct appeal of the convictions.

### Rule 4 Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that

1

the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

## Analysis

A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019). "A claim is exhausted only after it has been fairly presented to the state court." *Pavatt*, 928 F.3d at 923 (*quoting Simpson v. Carter*, 912 F.3d 542, 564 (10th Cir. 2018)). Petitioner bears the burden of showing exhaustion. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

Here, it does not appear that Petitioner has exhausted his state remedies. Petitioner is currently in the process of presenting the issues he raises here to the state courts. Mr. Solton has not "fairly presented" his claims to the Kansas state courts and therefore has not exhausted his claims in state court as required by 28 U.S.C. § 2254(b)(1).

## Motion to Withdraw (ECF No. 4)

Petitioner filed a motion asking the Court to withdraw his petition on March 5, 2020. However, he then filed a 22-page addendum to his petition on April 8, 2020. Therefore, the Court will deny his motion to withdraw, as it appears Mr. Solton changed his mind.

## Conclusion

Consequently, the Court directs Petitioner to show cause why this action should not be summarily dismissed without prejudice for failure to exhaust the remedies available to him in the Kansas courts.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **June 29, 2020**, to show cause why this matter should not be dismissed as barred by the exhaustion requirement.  The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Withdraw (ECF No. 4) is **denied** as moot.

**IT IS SO ORDERED.**

DATED:  This 29th day of May, 2020, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**
