IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARLTON SOLTON, JR.,**

                Petitioner,

      v.                                  **CASE NO. 20-3049-SAC**

**ROGER SOLDAN,**

                Respondent.

## MEMORANDUM AND ORDER

The case comes before the Court on Petitioner Carlton Solton, Jr.'s response (ECF No. 7) to the Court's Notice and Order to Show Cause (ECF No. 6). Petitioner's response includes a motion for hearing and motion to appoint counsel.

The NOSC found that Petitioner had not exhausted his state remedies. At the time of filing his Petition, Petitioner was in the process of presenting the same issues to the state courts. Mr. Solton had not "fairly presented" his claims to the Kansas state courts and therefore had not exhausted his claims in state court as required by 28 U.S.C. § 2254(b)(1). Petitioner was ordered to show cause why his Petition should not be dismissed without prejudice for failure to exhaust the remedies available to him in the Kansas courts.

In his response, Petitioner reports that his state habeas corpus petition challenging the pre-trial denial of a double jeopardy claim was denied by the Kansas Supreme Court. However, Petitioner does not claim that he has completed direct review of his convictions. Electronic records

maintained by the Kansas appellate courts[1] reflect that Petitioner's appeal of his convictions remains pending. Accordingly, he has not yet met the exhaustion requirement, and his claims are not properly before this Court.

Petitioner requests that his Petition be stayed rather than dismissed. In *Rhines v. Weber*, 544 U.S. 269 (2005), the U.S. Supreme Court held that in some circumstances, a federal court may stay a mixed petition for habeas corpus and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Rhines*, 544 U.S. at 275.

Having considered the record, the Court declines to stay this matter. First, the present Petition does not involve a mixed petition, that is, one containing both exhausted and unexhausted claims.

Next, it appears that the limitation period has not yet begun to run in this action. The statute of limitations for filing a federal petition for habeas corpus is set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] *See* https://pittsreporting.kscourts.org/Appellate/CaseDetails?caseNumber=123356.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subjection.

Petitioner's direct appeal remains pending. Accordingly, the Court will deny the request to stay this matter.

As for Petitioner's motion to appoint counsel, an applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). The Court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(a)(2)(B).

Because the Court finds this matter should be dismissed for failure to exhaust, Petitioner's motion to appoint counsel and motion for hearing are denied.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** without prejudice to allow Petitioner to exhaust state court remedies.

**IT IS FURTHER ORDERED** that Petitioner's pending motions (ECF No. 7) are **denied**.

**IT IS SO ORDERED.**

DATED: This 10th day of March, 2021, at Topeka, Kansas.

> s/_Sam A. Crow_____
> SAM A. CROW
> **U.S. Senior District Judge**